# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT FOR TENNESSEE

## JACKSON DIVISION

| | | |
|---|---|---|
| **CARL PUCKETT,** | ) | **COMPLAINT 15 U.S.C. 1117(B)(2)** |
| | ) | |
| **MARCELLA PUCKETT** | ) | **NO.**_____ |
| | ) | |
| **PLAINTIFF'S "PRO-SE"** | ) | |
| | ) | |
| **V.** | ) | |
| | | RECEIVED BY |
| **NATIONAL BASKETBALL** | | |
| **ASSOCIATION/NBA AND** | | OCT 26 2022 |
| **KAREEM ABDUL JABBAR** | | Thomas M. Gould, Clerk |
| | | U.S. District Court |
| **DEFENDANTS** | | W. D. OF TN, Jackson |

## <u>COMPLAINT</u>

1. Plaintiff's Carl Puckett and Marcella Puckett appearing "Pro Se", hereby sues

defendant National Basketball Association AKA NBA and Kareem Abdul Jabbar

an individual and alleges as follows;

## <u>NATURE OF THE ACTION</u>

2.          Defendants contracted and is still contracting the manufacturing of

goods necessary to the commission of a violation of the counterfeit provisions 15

2

U.S.C. 1116 of the Lanham Act as defined in 15 U.S.C. 1117 (B)(2) specified in

paragraph (1), with the intent that the recipient of the goods would put the goods to

use in committing the violation of 15 U.S.C 1116.

## **VENUE**

3.   Venue is proper in this District pursuant to Federal Rule of Civil Procedure, 28

U.S.C. § 1391 (a)(2) a substantial part of property that is the subject of the action is

Situated and (b) wherein jurisdiction is not founded solely on diversity of

citizenship may, be brought only in (2) a judicial district in which a substantial part

of the events or omissions giving rise to the claim occurred, or a substantial part of

property that is the subject of the action is situated, or (3) a judicial district in

which any defendant may be found. The substantial part of property of plaintiffs

online etsy store is domiciled in this western district in Tennessee

(www.etsy.com/devildogstresures). Defendant NBA may be found in this judicial

district because defendant NBA regularly conducts business within this district in

advertising, promoting, offering to sell and selling its counterfeit merchandise in

this district.Venue is proper in this District pursuant 28 U.S.C. § 1391 since

Defendant NBA is engaged in infringing activities and causing harm within this

District by advertising, offering to sell, selling and/or shipping infringing products into this District. Defendants NBA may be found in this District, as they are subject to personal jurisdiction herein. Kareem Abdul Jabbar is an individual domiciled in the State of California and is join in venue diversity of defendants

## JURISDICTION

4.   The United States District Court for the Western District of Tennessee, Eastern Division has jurisdiction over Federal Question Suits of the Federal Trademark Act of 2020 formerly known as the Lanham Act and under 28 U.S.C. 1331(A) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.

## JURISDICTION OVER THE PLAINTIFF'S

5.   The United States District Court for the Western District of Tennessee, Eastern Division has jurisdiction  over the Plaintiff's who reside in Weakley County 28 U.S.C 123 Local Rules 77.1 The substantial part of property of plaintiffs online etsy store is domiciled in this western district eastern division in Tennessee (www.etsy.com/devildogstresures).

## JURISDICTION OVER THE DEFENDANT

6.   Jurisdiction over the defendant NBA is defined pursuant to 28 USC. 1331(C)

(1) a corporation shall be deemed to be a citizen of every State and jurisdiction arises under Tennessee Code Title 20 - Civil ProcedureChapter 2 -ProcessPart 2 - Long-Arm Statutes 20-2-223 - Personal jurisdiction based on conduct. **20-2-223. Personal jurisdiction based on conduct.(a)** A court may exercise personal jurisdiction over a person, who acts directly or indirectly, as to a claim for relief arising from the person's:**(1)** Transacting any business in this state;**(2)** Contracting to supply services or things in this state; **(3)** Causing tortious injury by an act or omission in this state;**(4)** Causing tortious injury in this state by an act or omission outside this state of the person who regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state. Defendant NBA regular conducts business in the Western District of Tennessee in Memphis as the Tennessee Grizzlies.

## THE PLAINITFF'S

7.    Plaintiff's collect, purchase and and offer for resale used vintage items and collectables in their online store Devildogstreasure domiciled in Tennessee.

## THE DEFENDANT

8   The Defendant the National Basketball Association is a business entity and

upon information and belief, operates in this and in foreign jurisdictions, and

redistribute products from the same or similar sources in those locations and ship

their goods from the same or similar sources in those locations to shipping and

fulfillment centers within the United States to redistribute their products from those

locations.  Defendants has the capacity to be sued pursuant to Federal Rule of Civil

Procedure 17(b). Defendants target their business activities towards consumers

throughout the United States, including within this district through the operation of

an Internet based e-commerce store via the Internet under the Seller ID and Subject

Domain Name https://store.nba.com.

9. The NBA has established a major international presence with offices in 15

markets worldwide.

10. . Defendant is in  the past and present controlling forces behind the sale of

products under counterfeits and infringements **(2)**providing goods necessary to

the commission of a violation of the counterfeit provisions 15 U.S.C. 1116,

1117 (a)(b)(2) specified in paragraph (1), with the intent that the recipient of the

goods would put the goodsto use in committing the violation of another's

trademarks as described herein using at least the Seller IDs and Subject Domain

Names  https://store.nba.com.

11. Upon information and belief, Defendant Kareem Abdul Jabbar acts with the

Defendant NBA who directly engages in unfair competition by advertising,

offering for sale, and selling goods bearing illegitimate trademarks to consumers

within the United States and this District through its Internet based e-commerce

store using the Seller ID and Subject Domain Name  https://store.nba.com.

12. Upon information and belief, some Defendant has registered and/or maintained

its Seller ID and Subject Domain Name for the sole purpose of engaging in illegal

counterfeiting activities by providing goods necessary to the commission of a

violation specified in 15 U.S.C 1117 (1), with the intent that the recipient of the

goods or would put the goods to use in committing the violation 15 U.S.C. 1117(2).

13.Defendant uses its Internet-based business with the intent that the recipients of

the goods or would put the goods to use in committing the violation of the

counterfeit provisions of the Lanham act to their detriment.

14. Defendants' business names, Seller ID and Subject Domain Name, associated

payment accounts, and domain names used in connection with the sale of

counterfeit and infringing goods  with the intent that the recipient of the goods

would put the goods to use in committing counterfeit violations bearing one or more counterfeit  trademarks are essential components of Defendants' online activities and are one of the means by which Defendants further their counterfeiting and infringement scheme and cause harm to unknowing Plaintiffs relying on the defendant as a source of legitimate sales to their detriment.

15. Defendant Kareem Abdul Jabbar expressly authorizes the defendant NBA To produce goods that reflect the personal authorization of Kareem Abdul Jabbar who is a separate entity from Ain Jeem, Inc.( *see Ain Jeem Inc V Individuals ,partnerships, and unincorporated associations 821cv01082, 8:21cv01331*).

16. AIn Jeem, INc is the Owner of the Kareem Abdul Jabbar Marks who did not authorize the use of the mark the NBA created in their manufactured goods (see *see Ain Jeem Inc V Individuals ,partnerships, and unincorporated associations 821cv01082, 8:21cv01331*Kareem Abdul Jabbar is a separate entity from AIn Jeem, Inc.

## **Factual Background**

17. Defendant NBA contracted with Gartian USA Plates in 1989 to manufacture a sports collector's plate with the image of Kareem Abdul Jabbar and affixed its own NBA trademark upon the product as a resalable collectable to deceive consumers with the intent that the recipient of the goods or would put the goods to use in

committing counterfeit violations.

18. The Plaintiff's who buy and resell vintage collectables in September 2020, purchased one of the NBA's manufactured sports plates as a used sports collectable to relist for sale in their online store which they sold in March of 2021.

19. The Plaintiffs listed the item showing pictures of both front and back the Plaintiff's thought that clearly indicated it was a trademarked licensed product of the NBA unpo which they relied to their detriment (Exhibit 1 attached hereto).

20. On July 1st, 2021, the Plaintiffs were served a complaint seeking over 2,000,000.00 against them and other named parties for violations of the counterfeit provisions of the Lanham Act.

21. The Plaintiffs relied to their detriment of defendants NBA trademark was the indication of legitimate goods and that Defendant Kareem Abdul Jabbar had authorized defendant NBA to manufacturer the item as depicted on the item (Exhibit 1 )

22.Plaintiff's were unaware that Ain Jeem, Inc. owned the Kareem Abdul Jabbar marks "collectively" and the common law rights thereto as ordered by FMDC 8:21cv01331.

23. Plaintiff's financial assets were frozen and their online store removed from the internet through the execution of an Ex Parte Restraining order with Seizure provisions after the District court determined that Ain Jeem, Inc was likely to succeed in its suit against Plaintiffs for the resale of the infringing NBA

trademarked item the court determined was in fact counterfeit.

24. The Plaintiff's were sued as counterfeiters for the resale of a good

manufactured by the defendant NBA and authorized by Defendant Kareem Abdul

Jabbar of a sports collectable HE had authorized it using a mark belonging to Ain

Jeem, Inc *(see Ain Jeem, Inc v. Individuals,Partnerships and unincorporated*

*associations  FMDC 8:21CV01331).*

25. Plaintiff's detrimentally relied upon the ADVERTISING of the defendants

The appearance of an NBA trademark, and defendant Kareem Abdul Jabbar's

authorization and signature, that the 1989 sports collector's plate depicting an

artistic impression of Kareem Abdul Jabbar, was a legitimate item and resold the

item in their online store etsy.com/devildogs treasures.

26. Plaintiff's were sued by Ain Jeem, Inc, the owner of the mark "Kareem Abdul

Jabbar"in addition to numerous defendants  *(see Ain Jeem, Inc v Individuals,*

*Partnerships, and unincorporated associations FL Middle District 8:21cv01331,*

*8:21cv01082, 8:21cv01061).*

27. Plaintiff's suffered actual and punitive damages to their business and persons as

a result of their detrimental reliance on the defendant NBA's contracting for the

manufacturing of the good and defendant Kareem Abdul Jabbar signing and

authorizing the use of a mark belonging to AIn Jeem, Inc  to deceive consumers

with the intent that the recipient of the goods or would put the goods to use in

committing counterfeit violations and causing irreparable injury.

## Defendants' Counterfeiting and Infringing Conduct

28. Upon information and belief, Defendants are promoting and advertising,

distributing, selling, and/or offering for sale counterfeit and infringing goods in

interstate commerce using exact copies and confusingly similar copies of the

Kareem Abdul-Jabbar Marks with the intent that the recipient of the goods

would put the goods to use in committing counterfeit violations.

29. Defendants are engaging in the above-described illegal counterfeiting and

infringing activities knowingly and intentionally or with reckless disregard with the

intent that the recipient of the goods would put the goods to use in committing

counterfeit violations and the detrimental reliance has caused irreparable damages

to the Plaintiff's business and irreparable loss to Plaintiff's goodwill and reputation.

30. If Defendants' intentional counterfeiting and infringing activities with the

intent that the recipient of the goods would put the goods to use in committing

counterfeit violations ,are not preliminarily and permanently enjoined by this

Court, Plaintiff and the consuming public will continue to be harmed.

31. Upon information and belief, Defendants NBA and Kareem Abdul Jabbar are

likely to transfer or conceal their assets to avoid payment of any monetary

judgment awarded to Plaintiff.

32. Plaintiff has no adequate remedy at law and has exhausted all legal remedies.

33 Plaintiff's have and continue to  suffer irreparable injury and have suffered

substantial damages as a result of Defendant NBA and Kareem Abdul Jabbar's

unauthorized and wrongful use of the Kareem Abdul-Jabbar Marks with the intent

that the recipient of the goods would put the goods to use in committing counterfeit

Violations.

34. Plaintiff motioned the District Court of Florida Middle District for leave to file

a third party complaint for redress on the counts herein and to join the defendant's

as third parties which was denied.

35. The harm and damages sustained by Plaintiff have been directly and

approximately caused by Defendant NBA and Defendant Kareem Abdul

Jabbars'unauthorized and wrongful reproduction, use, advertisement, promotion,

offers to sell, and sale of their Counterfeit Goods and that the recipient of the goods

would put the goods to use in committing counterfeit violation.15 USC 1117(B)(2)

COUNT I -- TRADEMARK COUNTERFEITING AND INFRINGEMENT
PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1117 (b)(2))

36. The court found the Plaintiff's use of counterfeit and confusingly similar

imitations of the Kareem Abdul-Jabbar Marks in commerce in connection with the

promotion, advertisement, distribution, offering for sale, and sale of the Counterfeit

Goods violated the rights of the true owner of the marks, Ain Jeem, Inc. Plaintiff's

relied to their detriment on the defendant's advertising in the item which was sold

to them by the defendant's as a legitimate item with the intent that the recipient

of the goods would put the goods to use in committing counterfeit Violations.

37. The court found that the Plaintiffs were  promoting and otherwise advertising,

selling, offering for sale, and distributing goods, using counterfeits and/or

infringements of the Kareem Abdul-Jabbar Marks which was sold to them by the

defendants with the intent that the recipient of the goods would put the goods to

use in committing counterfeit Violations.

38. The court had found the plaintiffs were continuously infringing and inducing

others to infringe the Kareem Abdul-Jabbar Marks by using one or more of them to

advertise, promote, offer to sell, and/or sell at least counterfeit and infringing

goods. The item was sold to the Plaintiff's by the defendants  with the intent

that the recipient of the goods would put the goods to use in committing counterfeit Violations.

39. The court found that the plaintiff's concurrent counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Counterfeit Goods. (*see Ain Jeem, Inc. V. Individuals, partnerships, and unincorporated associations FLMD 8:21cv01331).*The plaintiff unknowingly purchased the item from the defendants who sold the item with the intent that the recipient of the goods would put the goods to use in committing counterfeit Violations.

40. The court found the plaintiff's unlawful actions have individually and jointly caused and are continuing to cause unquantifiable damage to Ain Jeem, Inc the true owner of the Kareem Abdul Jabbaer marks and that plaintiff's were unjustly enriched with profits at Trademark owner Ain Jeem, Inc.":s expense. The Plaintiff's unknowingly and relying on the false advertising of the defendants purchased the defendants item and resold it as legitimate. and are unjustly enriching Defendants with profits at Plaintiff's expense.The plaintiff unknowingly purchased the item

from the defendants who sold the item with the intent that the recipient of the

goods would put the goods to use in committing counterfeit Violations .

41. Defendants' NBA and Kareem Abdul Jabbar's above-described illegal actions

constitute counterfeiting and infringement of the Kareem Abdul-Jabbar Marks who

sold the item with the intent that the recipient of the goods would put the goods to

use in committing counterfeit Violations

42. Plaintiff has suffered and will continue to suffer irreparable injury and

damages due to Defendants' above described activities if Defendants are not

preliminarily and permanently enjoined. Additionally, Defendants will continue to

wrongfully profit from their illegal activities

### COUNT II -- FALSE DESIGNATION OF ORIGIN PURSUANT TO § 43(A) OF THE LANHAM ACT (15 U.S.C. § 1125(a))

43.Upon information and belief, Defendants' Counterfeit Goods bearing, offered

for sale, and sold under copies of the Kareem Abdul-Jabbar Marks have been

widely advertised and offered for sale throughout the United States via the Internet.

36.Defendants' Counterfeit Goods bearing, offered for sale, and sold under copies

of the Kareem Abdul-Jabbar Marks are virtually identical in appearance to

Plaintiff's genuine goods. However, Defendants' Counterfeit Goods are different in

15

quality. Accordingly, Defendants' activities are likely to cause confusion in the

trade and among the general public as to at least the origin or sponsorship of their

Counterfeit Goods.  And are being sold to the unsuspecting general public  with the

intent that the recipient of the goods would put the goods to use in committing

counterfeit Violations .

44. Defendants, upon information and belief, have used in connection with their

advertisement, offer for sale, and sale of their Counterfeit Goods, false

designations of origin and false descriptions and representations, including words

or other symbols and trade dress, which tend to falsely describe or represent such

goods and have caused such goods to enter into commerce with full knowledge of

the falsity of such designations of origin and such descriptions and representations,

all to Plaintiff's detriment  with the intent that the recipient of the goods would put

the goods to use in committing counterfeit Violations.

45. Defendants have authorized infringing uses of the Kareem Abdul-Jabbar Marks

in Defendants' advertisement and promotion of their counterfeit and infringing

branded goods. Defendants have misrepresented to members of the consuming

public that the Counterfeit Goods being advertised and sold by them are genuine,

non-infringing goods  with the intent that the recipient of the goods would put the

goods to use in committing counterfeit Violations

46. Additionally, Defendants are using counterfeits and infringements of the

Kareem Abdul-Jabbar Marks  with the intent that the recipient of the goods would

put the goods to use in committing counterfeit Violations.

40.. Defendants' above-described actions are in violation of Section 43(a) of the

Lanham Act, 15 U.S.C. §1117(b)(2).

47. Plaintiff has no adequate remedy at law and has sustained indivisible injury

and damage caused by Defendants' concurrent conduct. Absent an entry of an

injunction by this Court, Defendants will continue to wrongfully reap profits and

Plaintiff will continue to suffer irreparable injury to its goodwill and business

reputation, as well as monetary damages.

## COUNT III -- FALSE ADVERTISING

48.  This is an action against Defendants who manufactured an illegitimate

counterfeit of the Kareem Abdul Jabbar marks with the intent that the recipient of

the goods would put the goods to use in committing counterfeit Violations and the

Plaintiff's relied on the defendants false advertising the item was legitimate to their

detriment and they were found to have committed counterfeit violations and

suffered irreparable damages as a result of the reliance on defendant's false

advertising.

49. Specifically, Defendants are promoting and otherwise advertising, selling,

offering for sale and distributing goods bearing counterfeits and infringements of

the Kareem Abdul-Jabbar Marks. Defendants are also using counterfeits and

infringements of the Kareem Abdul-Jabbar Marks with the intent that the recipient

of the goods would put the goods to use in committing counterfeit Violations.

50. Defendants' infringing activities are likely to cause and actually are causing

confusion, mistake and deception among members of the trade and the general

consuming public as to the origin and quality of Defendants' products by their use

of the Kareem Abdul-Jabbar Marks. To the detriment of the public as with the

detriment of the plaintiff's reliance and that defendants did so with the intent that

the recipient of the goods would put the goods to use in committing counterfeit

Violations.

51. Plaintiff has no adequate remedy at law and is suffering irreparable injury

and damages as a result of Defendants' actions.

COUNT IV - COMMON LAW DETRIMENTAL RELIANCE

52. This is an action for detrimental reliance injuries from defendant's common

law trademark infringement against Ain Jeem, INc for which Plaintiffs were found

liable based on their promotion, advertisement, offering for sale, and sale of their

Counterfeit Goods bearing one or more of the Kareem Abdul-Jabbar Marksdid so

with the intent that the recipient of the goods would put the goods to use in

committing counterfeit Violations. . Plaintiff is the owner of all common law rights

in and to the Kareem Abdul-Jabbar Marks

53. Specifically, Defendants, upon information and belief, are promoting and

otherwise advertising, distributing, offering for sale, and selling goods bearing

infringements of the Kareem Abdul-Jabbar Marks and did so  with the intent that

the recipient of the goods would put the goods to use in committing counterfeit

Violations. .

54 . Defendants' infringing activities are likely to cause and actually are causing

confusion, mistake, and deception among members of the trade and general

consuming public as to the origin and quality of Defendants' Counterfeit Goods

bearing the Kareem Abdul-Jabbar Marks with the intent that the recipient

of the goods would put the goods to use in committing counterfeit Violations. .

55. Plaintiff has no adequate remedy at law and is suffering damages and

irreparable injury as a result of Defendants' actions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff'S demand judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants as follows:

A. Entry of temporary, preliminary, and permanent injunctions pursuant to 15 U.S.C. § 1116, 15 U.S.C. 1117, (b)(2) enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the Kareem Abdul-Jabbar Marks; from using the Kareem Abdul-Jabbar Marks, or any mark or design similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or design that may be calculated to falsely advertise the services or products of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Ain Jeem, Inc. with the intent that the recipient of the goods would put the goods to use in committing counterfeit Violations

B. Entry of an order enjoining defendants from falsely representing themselves as

Having legitimate and authorized items being connected with Ain Jeem, Inc,

through sponsorship or association with the Kareem Abdul Jabbar Mark , or

engaging in any act that is likely to falsely cause members of the trade and/or of

the purchasing public to believe any goods or services of Defendants are in any

way endorsed by, approved by, and/or associated with Ain Jeem, Inc and the

Kareem Abdul Jabbar marks,; from affixing, applying, annexing or using in

connection with the sale of any goods, a false description or representation,

including words or other symbols tending to falsely describe or represent

Defendants' goods in any way endorsed by Ain Jeem, Inc and from offering such

goods in commerce; from engaging in search engine optimization strategies using

colorable imitations of Ain Jeem Inc's  Kareem Abdul-Jabbar Marks;  who sold the

item with the intent that the recipient of the goods would put the goods to use in

committing counterfeit Violations. Where the Plaintiffs were found as having

committed counterfeiting in putting the defendants good to use in commerce (*see*

*Ain Jeem INd v Individuals, Partnerships, and unincorporated associations FMDC*

*8:21cv01331).*

C. Entry of an order pursuant to 28 U.S.C §1651(a), The All Writs Act, and the Court's inherent authority, that the top level domain (TLD) Registry for the Subject Domain Name or its administrators, including backend registry operators or administrators, place the Subject Domain Name, and any other domains names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing counterfeits and infringements of the Kareem Abdul-Jabbar Marks, on Registry Hold status thus removing them from the TLD zone files which link the Subject Domain Name to the IP address where the associated websites are hosted.

D. Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, canceling for the life of thief the trademarks, the Subject Domain Names and any other domain names used by Defendants to engage in their counterfeiting with the intent that the recipient of the goods would put the goods to use in committing counterfeit Violations of the Kareem Abdul-Jabbar Marks so they may no longer be used for illegal purposes.

E. Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, that, upon Plaintiff's request, the applicable governing Internet website operators and/or administrators for the Seller IDs who are

provided with notice of an injunction issued by the Court disable and/or cease

facilitating access to the Seller IDs, and any other seller identification and domain

names being used and/or controlled by Defendants to engage in the business of

marketing, offering to sell, and/or selling goods bearing counterfeits and

infringements of the Kareem Abdul-Jabbar Marks.

F. Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the

Court's inherent authority, that, upon Plaintiff's request, any Internet website

operators and/or administrators for the Seller IDs who are provided with notice of

an injunction issued by the Court, identify any e-mail address known to be

associated with Defendants' respective Seller ID.

G. Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the

Court's inherent authority that, upon Plaintiff's request, any Internet website

operators and/or administrators who are provided with notice of an injunction

issued by the Court permanently remove any and all listings and associated images

of goods bearing counterfeits and/or infringements of the Kareem Abdul-Jabbar

Marks via the e-commerce stores operating under the Seller IDs, and upon

Plaintiff's request, any other listings and images of goods bearing counterfeits

23

and/or infringements of the Kareem Abdul-Jabbar Marks associated with and/or

linked to the same sellers or linked to any other alias seller identification names

being used and/or controlled by Defendants to promote, offer for sale and/or sell

goods bearing counterfeits and/or infringements of the Kareem Abdul-Jabbar

Marks.

H. Entry of an order requiring Defendants to account to and pay Plaintiff to whom

they knowingly sold counterfeit merchandise with the intent that the recipient of

the goods would put the goods to use in committing counterfeit Violations and .for

all damages resulting from Defendants' trademark counterfeiting and infringing

and unfairly competitive activities and that the award to Plaintiff be trebled, as

provided for under 15 U.S.C. §1117 as permitted in (b) (2) Plaintiff be awarded

statutory damages from each Defendant in the amount of two million dollars

($2,000,000.00) per counterfeit trademark used, as provided by 15 U.S.C.

§1117(c)(2) of the Lanham Act . The item contained two counterfeit marks

And the mark was used in listing the item for a total of 6,000,000.00

I. Entry of an order that, upon Plaintiff's request, Defendants and any financial

institutions, payment processors, banks, escrow services, money transmitters, or

marketplace platforms, and their related companies and affiliates, identify and

restrain all funds, up to and including the total amount of judgment, in all financial

accounts and/or sub-accounts used in connection with the Seller IDs and Subject

Domain Names or other seller identification aliases or e-commerce store names,

domain names and/or websites used by Defendants presently or in the future, as

well as any other related accounts of the same customer(s) and any other accounts

which transfer funds into the same financial institution account(s), to be

surrendered to Plaintiff in partial satisfaction of the monetary judgment entered

herein.

J. Entry of an order compensating the Plaintiff's actual and punitive damages

suffered from the seizure of their business and financial accounts and for the

irreparable injury to the Plaintiff's reputation and goodwill as a result of their

reliance on defendant's fraudulent advertising  with the intent that the recipient of

the goods would put the goods to use in committing counterfeit Violations in the

amount of 400,000.00.

K.Entry of an award pursuant to 15 U.S.C. § 1117 (b) (2) of Plaintiff's costs and

reasonable attorneys' fees and investigative fees associated with bringing this

action.

L. Entry of an order requiring Defendants to pay prejudgment interest according to law.

M. Entry of an order for such other and further relief as the Court may deem proper and just.

N.Entry of an order requiring Defendants to pay prejudgment interest according to law.

O. Entry of an order for such other and further relief as the Court may deem proper and just.

Respectfully Submitted,

EXECUTED THIS 24th, day of October 2022

_____

Carl Puckett/Plaintiff "Pro-Se"

_____

Marcella Puckett/ Plaintiff "Pro-Se"